# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

NO. 16-2117

MARILYN BESOSA-NOCEDA,
per se and in representation of her minor children LMR-B and DJR-B; JUAN PABLO RODRIGUEZ-TORRES, per se and in representation of his minor children LMR-B and DJR-B; LMR-B and DJR-B

Plaintiffs-Appellants

v.

CARMEN N. SANTANA-TORRES; JOSE B. CAPO-RIVERA;
DANIEL RIVERA-TORRES,

Defendants- Appellees

CESAR R. MIRANDA-RODRIGUEZ; JOSE CALDERO, Superintendent, JOHN DOE

Defendants

APPEAL FROM JUDGMENT BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

**APPELLANTS' SUPPLEMENTAL BRIEF**

**JUAN R. RODRIGUEZ**
Court of Appeals NO. 23562
RODRIGUEZ LOPEZ LAW OFFICES, P.S.C.
P. O. Box 7693
Ponce, Puerto Rico 00732-7693
Tels. (787) 843-2828 / 843-2900
Fax: (787) 284-1267
E mail: juan_r_rodriguez00732@hotmail.com
         juan.r.rodriguez00732@gmail.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**  3

**STATEMENT OF ISSUES TO DISCUSS ORDERED BY THE FIRST CIRCUIT**  4

    A.    Whether defendants' responsive brief filed on June 7, 2017, and plaintiffs' reply brief filed on July 13, 2017, were filed in violation of the automatic stay provisions, rendering the briefs null.  4

    B.    Whether plaintiffs' Proof of Claim, or any other proof of claim filed by plaintiffs in the Title III court matter, relates, in whole or in part, to the complaint filed in the underlying district court matter and, hence, this appeal, and, if so, the impact of the Title III court's April 5, 2021 order disallowing Claim (#77772).  5

    C.    Whether defendants continue to be represented pursuant to unrevoked representation benefits under P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9"), and whether any defendants have requested and/or received judgment liability indemnification benefits under Law 9, including the date the Secretary of Justice approved the liability indemnification request.  5

    D.    Whether Plaintiffs' claims against the defendants in their personal capacities, in whole or in part, are claims against the Commonwealth subject to the discharge and discharge injunction provisions contained in the Commonwealth's Title III Plan (§§ 92.2 and 92.3), as well as Confirmation Order P. 56(b) due to the express inclusion of "employees" and "officials," or any other provisions, including whether a judgment must be "against" the debtor for 11 U.S.C. § 524(a)(1) to apply.  5

    E.    Whether the recent Supreme Court decision in Harrington v. Purdue Pharma, L.P., 144 S. Ct. 2071, 2088 (2024), in combination with Puerto Rico law indicating that defendants hold the indemnification benefit, has any impact on whether plaintiffs' personal-capacity claims are discharged by the Plan and Confirmation Order.  6

**SUMMARY OF ISSUES**  5

**LEGAL ARGUMENTS OF APPELLANT**  6

**RELIEF SOUGHT**  9

**CERTIFICATE OF COMPLIANCE**  10

**CERTIFICATE OF SERVICE**  10

# TABLE OF AUTHORITIES

## CASES

*Deocampo v. Potts*, 836 F.3d ............................................................................ 5

*Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-03283-LTS (D.P.R. June 29, 2017) ............ 4, 5

*Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-03283-LTS (D.P.R. Apr. 5, 2021) ............. 4, 5

*Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071, 2088 (2024) 1134, 1143

(9th Cir. 2016) ........................................................................................ 6, 8

*Ortíz-Feliciano v. Toledo-Dávila*, 175 F.3d 37, 39 (1st Cir. 1999)). ............................ 5

*Pavelich*, 229 B.R. 777, 782 (B.A.P. 9th Cir. 1999) .......................................... 5

*Pietri-Giraldi v. Alvarado-Santos*, 443 F. Supp. 2d 214, 217 (D.P.R. 2006) ..................... 5

*Víctor J. Salgado & Associates Inc. v. Cestero-Lopategui*, 34 F.4th 49, 51-52, 56 ............. 4

(1st Cir. 2022)

*Simon v. Navon*, 116 F.3d 1, 4 (1st Cir. 1997) ............................................... 5

## FEDERAL LAWS

11 U.S.C. § 922(a)(1) ...................................................................... 6, 8

11 U.S.C. § 524(a)(1) ...................................................................... 6, 8

42 U.S.C. §1983 ........................................................................... 6, 7

## FEDERAL RULES OF CIVIL PROCEDURE

## FEDERAL RULES OF APPELLATE PROCEDURE

Fed. R. App. P. 32(a)(7)(B) ................................................................ 10

## PUERTO RICO LAWS

P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9") .......................................... 5, 6, 8

P.R. Regs. Justice Reg. 8405, Art. 5(b); ................................................. 5, 6, 8

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| MARILYN BESOSA-NOCEDA, et. al. | * | COURT OF APPEALS |
|     Plaintiffs-Appellants | * | CASE NO. 16-2117 |
| | * | |
|     v. | * | |
| | * | |
| CARMEN N. SANTANA-TORRES, et. al. | * | DISTRICT COURT |
|     Defendants-Appellees | * | CIVIL NO. 15-1558 (CCC) |
| -------------------------------------------------------------- | * | |

## APPELLANTS MARILYN BESOSA-NOCEDA, JUAN PABLO RODRIGUEZ-TORRES PER SE AND IN REPRESENTATION OF THEIR MINOR CHILDREN LMR-B, DJR-B, AND DJR-B'S SUPPLEMENTARY BRIEF

**TO THE HONORABLE COURT:**

**COME NOW**, Marilyn Besosa-Noceda, per se and in representation of her minor children LMR-B and DJR-B; Juan Pablo Rodríguez-Torres, per se and in representation of his minor children LMR-B and DJR-B; LMR-B and DJR-B, Plaintiffs-Appellants, through their undersigned attorney, and respectfully alleges and prays:

**I.    STATEMENT OF ISSUES TO DISCUSS ORDERED BY FIRST CIRCUIT(USCA)**

This is a Supplemental Brief to address specific question regarding five (5) issues:

**A.** Whether defendants' responsive brief filed on June 7, 2017, and plaintiffs' reply brief filed on July 13, 2017, were filed in violation of the automatic stay provisions, rendering the briefs null. See *Víctor J. Salgado & Associates Inc. v. Cestero-Lopategui, 34 F.4th 49, 51-52, 56 (1st Cir. 2022)* (applying the automatic stay to personal-capacity claims against Puerto Rico officials receiving Law 9 representation); see also *In re Fin. Oversight & Mgmt. Bd. for P.R., No. 17-bk-03283-LTS (D.P.R. June 29, 2017)*, ECF No. 543 P. 5 (applying the automatic stay provisions of *11 U.S.C. § 922(a)(1)* to Commonwealth of Puerto Rico "officers in both their official and

personal capacities"); *Simon v. Navon*, 116 F.3d 1, 4 (1st Cir. 1997) (noting that a motion constitutes a continuation of an action against the debtor, even though the debtor filed it).

  **B.**  Whether plaintiffs' Proof of Claim #77772, or any other proof of claim filed by plaintiffs in the Title III court matter, relates, in whole or in part, to the complaint filed in the underlying district court matter (No. 3:15-cv-01558-CCC) and, hence, this appeal, and, if so, the impact of the Title III court's April 5, 2021 order disallowing Claim #77772. In re *Fin. Oversight & Mgmt. Bd. for P.R., No. 17-bk-03283-LTS (D.P.R. Apr. 5, 2021)*, ECF No. 16312, Exhibit C at 33 (disallowing Claim #77772).

  **C.**  Whether defendants continue to be represented pursuant to unrevoked representation benefits under P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9"), and whether any defendants have requested and/or received judgment liability indemnification benefits under Law 9, including the date (s) the Secretary of Justice approved the liability indemnification request.

  **D.**  Whether Plaintiffs' claims against the defendants in their personal capacities, in whole or in part, are claims against the Commonwealth subject to the discharge and discharge injunction provisions contained in the Commonwealth's Title III Plan (§§ 92.2 and 92.3), as well as Confirmation Order ? 56(b) due to the express inclusion of "employees" and "officials," or any other provisions, including whether a judgment must be "against" the debtor for 11 U.S.C. § 524(a)(1) to apply. In re Fin. Oversight & Mgmt. Bd. for P.R., 636 B.R. at 231-32 (Plan §§ 92.2 and 92.3); id at 38-39 (Confirmation Order P. 56(b)); see also Deocampo v. Potts, 836 F.3d 1134, 1143 (9th Cir. 2016) (holding that the indemnification statutes did not render a judgment or fee award against an indemnifiable employee a liability of the employer "for purposes of adjusting or discharging" the employer's debts); In re Pavelich, 229 B.R. 777, 782 (B.A.P. 9th Cir. 1999) ("The statutory voidness and statutory injunction created by § 524(a) operate to strip a . . . court of the subject matter

jurisdiction to require a debtor to pay a discharged debt.").

E. Whether the recent Supreme Court decision in Harrington v. Purdue Pharma, L.P., 144 S. Ct. 2071, 2088 (2024), in combination with Puerto Rico law indicating that defendants hold the indemnification benefit, has any impact on whether plaintiffs' personal-capacity claims are discharged by the Plan and Confirmation Order. See P.R. Regs. Justice Reg. 8405, Art. 5(b); see also Pietri-Giraldi v. Alvarado-Santos, 443 F. Supp. 2d 214, 217 (D.P.R. 2006) (stating "we are bound by Circuit precedent that, pursuant to [P.R. Laws Ann. tit. 32, § 3085], the claim for indemnification concerning payment of judgment lies with defendant public officers, not with the plaintiff") (citing Ortíz-Feliciano v. Toledo-Dávila, 175 F.3d 37, 39 (1st Cir. 1999)).

II. LEGAL ARGUMENTS OF APPELLANT

A. Whether defendants' responsive brief filed on June 7, 2017, and plaintiffs' reply brief filed on July 13, 2017, were filed in violation of the automatic stay provisions, rendering the briefs null. It is factually correct.

B. Whether plaintiffs' Proof of Claim filed by plaintiffs in the Title III court matter, relates, in whole or in part, to the complaint filed in the underlying district court matter (No. 3:15-cv-01558-CCC) and, hence, this appeal, and, if so, the impact of the Title III court's April 5, 2021 order disallowing Claim #77772. It is factually correct. At the time of the filing of the Proof of Claim, the interpretation of the law Promesa was to provide access to the bankruptcy procedures and benefits via a law enacted by the Congress only for the Commonwealth of Puerto rico under the power of the Constitution to administer the territories under Article 4, Section 3, Clause 2 commonly referred as the *territorial clause*. So it was never intended as a statute to grant access, rights or amend the bankruptcy law for any American citizen, regardless of the place of residence, place of work, nor employer. Otherwise, will be in contradictions with the reasons for the cause of action

for malicious prosecution under *42 U.S.C. §1983*.

   **C.**   Whether defendants continue to be represented pursuant to unrevoked representation benefits under P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9"), and whether any defendants have requested and/or received judgment liability indemnification benefits under Law 9, including the date (s) the Secretary of Justice approved the liability indemnification request.

   It is a question that only can be answer by the defendants. P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9") was enacted to provide some coverage for liability of the public officials of the Commonwealth of Puerto Rico later extended to the public officials of the Municipalities of Puerto Rico and the employees of any "public corporation" regardless of how they were established. It was enacted to cover for joint liability of the officer for acts of negligence, limited coverage for major negligence, no coverage for gross intentional negligence and no coverage for criminal acts.

   It requires several procedures and under the law, the Secretary of Justice is not allow to provide representation and to pay any judgment on behalf of a public officer personal liability (personal capacity), the Secretary is obliged has to follow strict rules and regulations.

   The representation is initially granted after the officer apply and submit an affidavit or statement under penalty of perjury denying any negligence, major negligence, gross intentional negligence and criminal act. A committee recommend it after a brief review of the facts and any investigation.

   During the case, the Secretary of Justice continues to provide representation as long as there are not any determination of gross intentional negligence and criminal act by the public officer.

   Once the case is adjudicated and the court issued a Judgment which includes liability of the public officer (in personal capacity) a third process is mandatory by law. The Secretary of Justice has to review the Sentence and if the court determined that the public officer acts constituted gross

7

intentional negligence and criminal act, the representation is withdraw. The Commonwealth of Puerto Rico will not pay anything on behalf of the public officer.

The Secretary of Justice has to review the Sentence and if the court determined that the public officer acts of negligence or major negligence, he will referred it to a committee to review the Sentence and the initial affidavit or statement under penalty of perjury of the public officer, any report from the Agency, etc. and will recommend the Secretary of Justice the payment or not of any money on behalf of the public officer. The Commonwealth of Puerto Rico will pay or not on behalf of the public officer.

**Conclusion**, under P.R. Laws Ann. tit. 32, §§ 3085-3092 ("Law 9"), a final adjudication of the claims, specifically the determination of the facts by a court / jury to determine if the malicious prosecution under *42 U.S.C. §1983* were proved before it is determined that the Commonwealth of Puerto Rico will pay or not on behalf of the public officer.

**D.** *11 U.S.C. § 524(a)(1) (a) A discharge in a case under this title—*

*(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived*. Defendants in their personal capacity could received the benefit if it is authorized by the bankruptcy procedures.

**E.** *Harrington v. Purdue Pharma, L.P., 144 S. Ct. 2071, 2088 (2024),* differs from the situation in this case; the release of claims against non-debtors (Sacklers )by third parties, due to the agreement interpretation does not authorize such releases. In our case, the defendants are parties in the case. In Purdue's bankruptcy proceedings, the Sacklers were not included as co-petitioners (a party).

### III. RELIEF SOUGHT

**WHEREFORE**, Plaintiffs-Appellants Marilyn Besosa-Noceda, per se and in representation of her minor children LMR-B and DJR-B; Juan Pablo Rodríguez-Torres, per se and in representation of his minor children LMR-B and DJR-B; LMR-B and DJR-B, respectfully request from this Honorable Court to reverse the District Court's Judgment and remand this case to US District Court.

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 19th day of May of 2025.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez, Esq.
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel (787)843-2828 / 843-2900 Fax 284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
　　　　**juan.r.rodriguez00732@gmail.com**

By:　　*S\JUAN R. RODRIGUEZ*
　　　**JUAN R. RODRIGUEZ, ESQ.**
　　　**USCA-1stCA NO. 23562**

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the preceding Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the same contains a total of 12871 words drafted in 12 point Times New Roman monospaced typeface in double space, except quotations of more than two lines which are at single space.

In Ponce, Puerto Rico, this 19th day of May of 2025.

By: *S/JUAN R. RODRIGUEZ*
**JUAN R. RODRIGUEZ, ESQ.**
**USCA-1st CA NO. 23562**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document Appellants' Reply Brief, has been filed electronically using CM/ECF system in US Courts of Appeals for the First Circuit and the Clerk will electronically send it to: Susana I. Peñagaricano, Francisco Jose Gonzalez-Magaz, Carlos Lugo-Fiol, Yadhira Ramirez-Toro, Luis R. Roman-Negron, Department of Justice, PO Box 9020192, San Juan, PR 00902-0192 and any other attorney of record and/or party.

In Ponce, Puerto Rico, this 19th day of May of 2025.

By: *S/JUAN R. RODRIGUEZ*
**JUAN R. RODRIGUEZ, ESQ.**
**USCA-1st CA NO. 23562**